*GEORGE HOUGH *v.* DAVID YOUNG.          [504

*Voluntary Undertaking—Variance—Damages.*

A plaintiff can not support his action by proof contradicting the averments in his own declaration.

The day may be made material by averments.

Damages must be founded upon evidence.

THIS was an action on the case against the defendant, who was cashier of the Zanesville Canal Bank.  Its object was to charge the defendant for negligence in so protesting a note left with him for collection, and to take the steps necessary to charge the indorser, that the indorser was not charged.

The cause was tried before the supreme court of Muskingum county, and a verdict given for the full amount of the note.  At the trial the court instructed the jury that " the plaintiff was entitled to recover, and that there being no evidence of the ability or inability of the maker of the note, nor any other evidence to show the extent of the plaintiff's injury, the jury, in estimating

the damages, must exercise a sound discretion, and be guided by such light as they had upon the subject."

A motion was made for a new trial on the ground of misdirection, and the decision reserved for this court.

It was proved at the trial that an agent for the plaintiff handed the note to the defendant, as cashier of the Canal Bank, requesting him to have the same note legally protested; that the defendant took the note, and afterward informed the same agent that the note was protested. It was also in proof that the defendant took the note to the notary public on the 2d day of August, 1819, with the words, "*July* 30, *August* 2," indorsed upon it, and informed him there were no funds in the bank to meet the note. The notary immediately protested the note, gave notice to the indorser, and returned the note to the defendant the same evening or the next morning.

The note was dated the 2d. day of May, 1819, payable sixty days from the 1st of June, in the same year.

CULBERTSON & GODDARD, in support of the motion, made two points :

1. That upon the proof the action was not maintainable.

2. The instruction given by the court, as to the rule of damages, was incorrect.

505] *The testimony is, that the defendant took the note to have it *legally protested*. He was not a notary public, and could not himself protest it. The proper interpretation of his undertaking is, that he was to hand it to the notary for protest, if not paid when due. It was the duty of the notary to protest it at the right day, and if he made a mistake the defendant is not responsible.

The negligence complained of is, that the note was protested upon the second and not upon the third day of grace, and the court, in a suit against the indorser, has decided that this protest and notice did not charge him. If the action be sustained, it establishes the principle that a man may be subjected for damages for error in judgment in transacting a business in which he professed no skill, and for which he was to receive no compensation.

For this Jones on Bailment, 57, is cited; but admirable as is the arrangement, and systematic as is the reasoning of this treatise, it

must be received, not as an adjudged case, but as the reasoning of an able lawyer. The author's great respect for the civil law some-times leads him into mistake with regard to the common law. On this very subject Judge Kent, in the case of Thorne v. Deas, 4 Johns. 100, asserts that the doctrine in the essay is " totally un-founded in reference to the English law."

Coggs v. Bernard, 2 Ld. Raym. 909, is a case of gross neglect, in not doing that with proper care which the party took upon him-self to do; but this is a case of error in judgment as to the time w hen the note ought to be protested.

The case of Wilkinson v. Coverdale, 1 Esp. 75, terminated in a nonsuit. The manuscript case cited by Erskine, and the conversa-tion between him and Lord Kenyon, are not entitled to the weight of a decision by a full court. The whole relate to insurance cases, and are not applicable here. None of the cases relied on by the plaintiffs stand upon the same principle as this case.

Bankrupt v. Blackburn, 1 H. B. 158, and Moore v. Mourgue, Cowper, 479, are both strong cases for the defendant; they both put the liability upon the ground of bad faith, or gross negligence, and upon the testimony neither can be here imputed to this de-fendant. It is not pretended that this was a bank transaction; if it were, the bank, and not the defendant, *would be [506 liable. As an individual transaction, the notice would be in due time. The defendant did not profess to be versed in the law of notices to indorsers on promissory notes; if he erred honestly he is not liable.

The misdirection as to the rule of damages renders it necessary to grant a new trial. If a plaintiff prove a cause of action, his right to recover damages depends upon the proof of injury. Without such proof he can have nominal damages only. When it is adduced, the damages must conform to it. The jury are sworn to decide the whole case according to evidence. The dam-ages they find must be predicated upon proof, not upon the sur-mises or suggestions of their own minds.

HERRICK and STILLWELL, against the motion:

The defendant received the note, and undertook to have it " legally protested." The plaintiff charges that the nature of this undertaking was to give such notice to the indorser as would sub-ject him, if the note were not paid when due. The jury heard

Hough *v.* Young.

the testimony, and have found the fact to be as claimed by the plaintiff. Upon this motion the contract must therefore be taken as alleged in the declaration. The same answer may be given to the suggestion of the defendant's counsel, that the undertaking was only to deliver the note to the notary; and it may justly be added, if this was the undertaking, why indorse upon it, as a direction to the notary, the time when it fell due.

It was the duty of the defendant to take care that notice of non-payment was so given to the indorser as to fix his liability. He received the note for this purpose; and this he attempted to perform. He retained the note until he supposed the time for payment passed. He then delivered it to the notary for the sole purpose of so proceeding as to subject the indorser. He did this on the second day of August, when it was ineffectual, instead of taking care that it was done upon the third day of that month, when it would have been operative. By this blunder the plaintiff has lost his recourse against the indorser, and the drawer being insolvent has lost his debt. And this loss, it is contended, ought not to fall upon the defendant, because he possessed no skill in 507] the particular matter he undertook, was to receive no *compensation, and made a mistake in law, only, without any evil intention.

The doctrine, however, is otherwise settled, and we think clearly and rightly so settled. In Coggs and Bernard the defendant professed no skill, and was to receive no compensation, and the negligence for which he was charged resulted from accident, not design. There can be no doubt but that with more strict care than was used, the hogshead of brandy might have been put down in safety. So, with a more strict attention in this case, the defendant might and would have discovered that the third, not the second day of August, was the proper day to protest this note.

It is not the compensation to be received that is the ground of liability. It is the duty necessarily resulting from the undertaking to do an act affecting the property of another, and the confidence reposed in the expected performance, and these are equally imperative whether there is to be compensation or not. The case of Coggs and Bernard is a full authority for this. And in this particular the observations of Sir William Jones, in his essay on Bailment, 57, agree with the opinion of Lord Holt, and of Lord Kenyon, in the case of Espinasse, and Judge Kent, in the case

referred to from New York, 4 Johns. 96, also recognized the doctrine to be correct.

The case from Henry Blackstone, and the one from Cowper, so strongly relied upon by the defendants, both stand upon their own circumstances. They bear no analogy to this case, nor do they impugn the general doctrine. On the contrary, the situation of this defendant, as cashier of a bank, whose duty it is to be coversant with the manner of protesting notes so as to charge an indorser, places him very much in the same situation, in that respect, as a clerk in the custom-house, in relation to the entry of goods, and, in the case from Blackstone, Lord Loughborough admits that a clerk in the custom-house would have been liable.

The question of damages was properly left to the jury. A new trial ought not to be granted on this ground, even if the court consider the instruction incorrect, unless there is reason to believe that justice has not been done ; and this is not pretended.

*It is alleged, in the declaration, that the misfeasance in [508 giving notice or making protest, was committed on the 3d of August; the proof is, it was committed on the 2d. The time alleged in the declaration is not material. It was only necessary for the plaintiff to prove that the wrongful act was committed before action was brought. Such is the rule in all actions on the sounding in tort, and even in contract, where the time is not a material part of the agreement itself.


By the COURT:

The declaration states that the note in question was dated the 20th day of May, 1819, and was payable sixty days from the 1st day of June in the same year. It also avers that the defendant, on the 3d day of August, 1819, proceeded to make the demand and give the notice of non-payment necessary to charge the indorser; but did these so negligently that the indorsers were not charged. At the trial the negligence proved and relied upon was, that the demand and notice was made upon the 2d day of August, which, being the day before the last day of grace, was inoperative. The proof is in contradiction to the declaration which avers a demand and notice on the right day. This being the material point of the whole case, it was certainly not competent for the plaintiff to sustain his action by proof so essentially variant from his allegations; though in personal actions generally the day is immaterial,

it may nevertheless be made material by the pleadings. And such is the case here; the declaration gave no notice that the negligence complained of referred to the day of giving the notice. The defendant could not come prepared to repel that which the plaintiff averred; yet this he must do, if, upon the proof offered, the plaintiff could recover. The instruction of the court, that the plaintiff ought to have a verdict, was therefore incorrect. It is unnecessary to decide upon the principal ground of liability.

The rule laid down for assessing damages was also incorrect. If the drawer of the note is solvent, the plaintiff may yet recover from him the amount. This right is not affected by a recovery here. In that event this defendant is only answerable to the 509] plaintiff for the expense incurred in taking *measures to charge the indorsers, and for disappointment in that particular. To charge him with the whole amount of the note the plaintiff ought to have produced proof that the maker was insolvent. In the absence of this, and of all other proof, he could only recover nominal damages.

New trial granted.